UNITED STATES GUARANTEE CO. *v.* HAMILTON NAT. BANK.

(*Knoxville,* September Term, 1948.)

(May Session, 1949.)

Opinion filed July 9, 1949.

JENNINGS, O'NEIL & JARVIS, of Knoxville, for complainant.

CATES, FOWLER, LONG & FOWLER, MITCHELL LONG and WILBUR W. PIPER, of Knoxville, for defendant.

MR. JUSTICE BURNETT delivered the opinion of the Court.

Both parties have filed petition for *certiorari* and have raised questions that are of importance to both banks and depositors. Because of the importance of these questions, we have heretofore granted both petitions for *certiorari*. The determinative questions are: (1) Is a paid surety, who discharges its obligations to its obligee, precluded from the right of action which the obligee had against a third party (for the wrongful acts of the third party) when the surety pays the loss of the obligee and takes an assignment therefor? (2) To what extent must a depositor in a bank examine his cancelled checks to discover a forgery by an endorser? (3) Is the testimony of a forger, that she forged endorsements to checks and received the money thereon, admissible in a suit of the assignor of a depositor against a bank who paid said checks which were forged?

This is a suit by United States Guarantee Company (hereinafter referred to as "Surety") against Hamilton National Bank ( hereinafter referred to as "Bank") seeking a recovery of $2,339.12, representing the aggregate amount allegedly paid by Bank upon forged endorsements of payees checks issued by S. Liebovitz & Sons, Inc. (hereinafter referred to as "Depositor").

Depositor was insured by Surety against loss sustained through forgery and other dishonest acts of its employees. During the period between May 9, 1941 and January 29, 1943, a payroll clerk of Depositor forged endorsements to some one hundred and thirty checks aggregating the amount sued for. Depositor was a depositor in Bank. The checks above referred to were cashed by Bank and charged to Depositor's account. Many of these checks were cashed at various places but eventually found their way to Bank where they were

honored and charged to Depositor's account. When this dishonesty was discovered, Bank and Surety were notified. Surety paid Depositor the full amount of the loss and took an assignment of Depositor's claim against Bank.

Bank denied liability, and this suit resulted. Bank says it is not liable because of the negligence of Depositor and that Surety acquired no right of action against it either under the written assignment or under the principle of subrogation in equity. The Chancellor and the Court of Appeals upheld these defenses.

The Court of Appeals summarizes the findings of fact and conclusions of the Chancellor in the following language, to wit:

"The Chancellor, in his opinion, found and held, in substance, that complainant's assignor employed many hundreds of employees; that its manager, a Mr. Mauger, signed all of the payroll checks for the employees; that the payroll clerk, Mrs. Grissom, wrote out practically all of the payroll checks from week to week in her own handwriting and presented them to Mauger for his signature; that, through a period of some years and on divers occasions, Mrs. Grissom would have some of the employees endorse their checks and then she would take them to the defendant bank and cash them, delivering the money to the employees; that on other occasions she cashed checks at other financial institutions; that over a period of from two to three years she had forged names of certain employees as endorsers on the pay checks involved in the present litigation aggregating about $2,339.12, signed her own name as final endorser, and cashed the same retaining the proceeds. Over the objection of the defendant bank, the court held that

the testimony of Mrs. Grissom as to her conduct in committing these offenses, was admissible. The court further found and held that a greater portion of the forgeries occurred before the taking out of the bond, signed by the complainant, although some of them occurred during the effective term of the bond; and that the complainant's representatives investigated and paid the loss incurred by the S. Liebovitz & Sons, Inc., taking an assignment from the latter against the defendant. Following a recitation of the theories of the defense, the court further found that although the payees in the subject checks were regular employees of Liebovitz & Sons, Inc., they were absent from work for the particular period for which the checks were written and were therefore not entitled to the proceeds thereof and sustained no loss; that the defendant bank balanced the Liebovitz account and returned the paid and cancelled checks to the makers each week; that proof failed to show that Liebovitz or anyone in its employ scanned or examined the checks or bank statements to detect errors; that finally, upon discovery of the forgeries, after all had occurred, Mr. Mauger informed the defendant bank about it. The court held that it was the duty of the depositor to examine his cancelled checks and statements for any errors or irregularities and to promptly notify the bank for any corrections; that a greater duty in this respect is imposed on a depositor whose employee has committed the offense; that the depositor had within his power to discover such irregularities, which opportunity was not afforded to the bank; that, although banks cash checks of depositors with forged endorsements at their peril, it is only where the depositor has been guilty of no negligence. The court held that the S.

Liebovitz & Sons, Inc., complainant's assignor, was guilty of negligence in failing to make examination of the cancelled checks and bank statements, and it further held that, under the weight of authority, the right of subrogation did not extend to (against) an innocent third party, and that the complainant, by its assignment acquired no right of action against the bank in the present case, either under said written assignment or under the principle of subrogation in equity. The complainant's bill was dismissed at its costs."

With these findings and conclusions the Court of Appeals concurred and agreed except as to the finding "that Mrs. Grissom had cashed checks with the authority of the payees, returning them the proceeds."

■ ■ Ordinarily "if a drawee bank pays a check to which the payee's name is forged as indorser, the payment is deemed to be made out of its own funds, not the depositor's, provided the latter has not been guilty of negligence or fault that misled the bank." *Figuers* v. *Fly,* 137 Tenn. 358, 373, 193 S. W. 117. In this regard see also Code Section 7347 which, so far as here concerned, is a restatement of the common law. By this statute a forged signature "is wholly inoperative" unless the person aggrieved is estopped from challenging the forgery. Bank should be held to the performance of this absolute legal duty and by doing so no injustice is done. This duty of the bank and the peril it assumes when it pays out the checks of its depositor is not an absolute duty but is governed by the particular facts involved. In other words where the facts show that the loss is due to the negligence of the depositor and not to the failure of the bank to perform its legal duty then the bank is not liable. Otherwise it is and the burden

falls on the bank to show that the loss was due to the negligence of the depositor rather than to its failure to exercise its legal duty. Obviously a fact question is thus presented.

■ As a general rule there is no duty of a depositor to "scan the indorsements to ascertain if they are genuine" (citing authorities) because "a depositor has no greater knowledge as to the bona fides of the indorsement than has the bank. (Citing authorities.) There are exceptions to this rule and particular circumstances may make it a question of fact as to whether the depositor was not guilty of negligence in failing to examine indorsements on his returned checks." (Citing authorities.) *Darling Stores, Inc.,* v. *Fidelity-Bankers Trust Co.,* 178 Tenn. 165, 171, 156 S. W. (2d) 419, 422.

■ In the instant case it is shown that all checks were made to employees of Depositor for a time when they were not working and it was to these checks that the unfaithful employee forged their indorsements. The negligence of the Depositor which precludes a recovery is not because of its failure to examine the signature of endorsers of the several payees of its checks to determine if they are genuine, but consisted in drawing checks in favor of employees who were not at work and not entitled to be paid anything. The employer knew, or should have known, that these payees had no right to these checks since they were not on the payroll; and when checks drawn in their favor were presented to Mr. Mauger, the manager, for his signature he was guilty of negligence in signing and issuing them. The Bank cannot be held liable upon these forged checks when it conclusively appears that the drawer took no steps whatever to ascertain if these payees were entitled to

be paid the amount of money which they represented. If the Depositor's trusted employee, Mrs. Grissom, perpetrated a fraud upon the Bank by forging the endorsements of payees, and in many instances cashed them herself, the wrong must fall where it belongs, that is upon her employer who was negligent in not discovering her method of stealing.

Because of the importance of the questions involved we have given these questions an unusual amount of thought and independent investigation aside from the excellent briefs filed by both parties. We have found that certain of these questions are fact questions in the last analysis. Upon these fact questions we have determined that the loss was due to the negligence of Depositor. It, therefore, results that we must affirm the judgment below for the reasons above set forth that the loss was due to the negligence of the Depositor.

Having reached the conclusion above as to question (2) posed in the outset we must pretermit answering questions (1) and (3) because any answer to these questions would be mere dicta.

All concur.