**FARMERS EXCHANGE BANK,**
Appellant,

v.

**KRAFT FOODS COMPANY,**
Appellee.

No. 12738.

United States Court of Appeals
Sixth Circuit.

June 14, 1956.

Charles L. Neely, Memphis, Tenn., for appellant.

Heathcock & Elam & Cloys, Union City, Tenn., for appellee.

Before ALLEN, McALLISTER and MILLER, Circuit Judges.

PER CURIAM.

Appellee filed an action charging appellant with conversion of appellee's funds by accepting for deposit in appellant bank checks payable to appellee endorsed without authority.

Certain of appellee's customers had delivered to C. E. Whitaker, a salesman of appellee, checks payable to appellee which were endorsed by Whitaker and deposited in Whitaker's personal account at appellant bank.

It was stipulated that from July 2, 1952, through October 23, 1952, 28 checks totalling $3,216.17 were accepted by appellant bank bearing the following endorsement: "Pay to the order of any bank or trust company. For deposit only. Kraft Foods Company." Twenty-five of the checks listed in the stipulation were introduced in evidence. Each one was payable to appellee. All of these checks were drawn by customers having accounts due and payable to appellee. At the trial these accounts were shown by appellee's books to be still unpaid. It was also shown that Whitaker had made no remittances on these particular items except a partial payment on one check which is reflected in the amount stipulated.

Whitaker testified that he had made a written statement that he had been endorsing and depositing in his personal account checks payable to Kraft Foods Company but not remitted by him to appellee. While Whitaker claimed at the trial that he had remitted to appellee the proceeds of all the checks in question, the above evidence demonstrates that the District Court's finding that appellee had sustained a loss in the aggregate amount of the checks is not clearly erroneous.

Under the law of Tennessee appellant bank acted at its peril in accepting checks upon Whitaker's endorsement and receiving for deposit in Whitaker's personal account checks payable to appellee. Jackson v. National Bank, 92 Tenn. 154, 159, 20 S.W. 802, 18 L.R.A. 663; Pickle v. Muse, 88 Tenn. 380, 384–385, 12 S.W. 919, 7 L.R.A. 93; Knoxville Water Company v. East Tennessee National Bank, 123 Tenn. 364, 373, 131 S.W. 447; Figuers v. Fly, 137 Tenn. 358, 375–376, 193 S.W. 117. Appellee's endorsement "For deposit only" was restrictive. 9 C.J.S., Banks and Banking, § 222, p. 478.

Appellant failed to show that appellee received the proceeds of the checks in question. Cf. United States Guarantee Company v. Hamilton National Bank, 189 Tenn. 143, 148, 149, 223 S.W.2d 519, or to establish any estoppel against appellee.

The judgment of the District Court is affirmed.

MILLER, Circuit Judge (dissenting).

I concur in so much of the ruling that holds that the appellant bank would be liable for the proceeds of the 28 checks totaling $3,216.17 which it improperly permitted Whitaker to deposit to his personal checking account, if in fact such proceeds were not thereafter remitted by Whitaker to the appellee. These checks were deposited during July through October 1952. It was stipulated by the parties that during July through October 1952 Whitaker remitted to appellee through checks on his personal account in appellant bank the sum of $15,639.28. Appellee was unable to show that the $3,216.17 which this action seeks to recover was not included in the $15,639.28 so remitted. In fact, Whitaker testified that the proceeds from the 28 checks were remitted to the appellee. Although an attempt was made to impeach this testimony there was no testimony on behalf of appellee to the contrary.

The fact that appellee's books show that certain accounts which Whitaker collected are not marked paid, when in fact they were paid by the payments made to Whitaker, who admittedly had authority to make the collection, does not show that the proceeds were not remitted, since it appears to be conceded that Whitaker in making remittances intentionally allocated them to the wrong

debtors. The improper allocation by Whitaker in his reports to appellee of these proceeds to the wrong debtors is not chargeable to the Bank.

In my opinion, the judgment should be reversed. Seitz Co. v. Bank of Murray, 204 Ky. 115, 263 S.W. 685; Armour & Co. v. Bank of Lynch, 207 Ky. 203, 268 S.W. 1091; L. W. Cox & Co., Inc., v. Chemical Bank & Trust Co., 175 Misc. 1063, 26 N.Y.S.2d 38, 42.